Leigh, J.
delivered the opinion of the Court.
The defendant was indicted in the Circuit court of Wirt for perjury in giving evidence to the grand jury empanneledin that Court. The defendant demurred to the indictment, and upon the argument of the demurrer, the Court adjourned eight questions to this Court.
The indictment alleges that on the day of 1850, a grand jury was summoned and empanneled for the county of Wirt, and whilst they were examining and investigating the violations of the laws of the Commonwealth committed within the county, the defendant appeared in open Court, and at his own instance was sworn by the Court that the evidence he should give to the grand jury should be the truth, the whole truth and nothing but the truth, the Court having then and there competent authority to administer the said oath; and that whilst the defendant was being examined by the grand jury it then and there became material to enquire whether Alfred Fought Esq., (a justice of the peace for the Commonwealth of Virginia in and for the county of Wirt.) was present and was called upon to suppress a fight between the defendant and one John Hickman; and the defendant being sworn as aforesaid, did then and there in the said county before the grand jury, falsely, wilfully and corruptly depose, swear and testify that Alfred Fought Esq., (a Commonwealth’s justice of peace for the county aforesaid,) was present and was called to suppress a fight between *630 the defendant and John Hickman, and that Fought did then and there refuse to assist in quelling the said fight: Whereas the said Alfred Fought was not present at the . ° r time and place the said fight took place, and was not called upon to suppress the fight.
We shall first consider the question which submits to us, whether the materiality of the defendant’s evidence given before the grand jury sufficiently appears in the indictment. The criminal jurisdiction of the Circuit court of Wirt was limited to offences committed in the county: and the Court had no authority to swear a witness to give evidence before the grand jury of the said Court of an offence committed out of the county. It was therefore necessary to shew on the face of the indictment that the offence of which the defendant gave evidence, was committed within the county: otherwise it would not appear that the Court had jurisdiction of the offence, and the evidence could not be material, as no evidence given in a Court having no jurisdiction to determine the case can be material. This indictment does not allege that the offence of which the defendant gave evidence was committed within the county of Wirt. It alleges that this offence was committed at the time and place at which the fight took place, but where the fight took place is no where stated. It might possibly have taken place in Wirt, but if the indictment shews on its face only that the evidence might have been material, it is not sufficient: it must shew that it was material. For this reason we are of opinion that the materiality of the evidence given by the defendant does not sufficiently appear in the indictment.
There are other objections to this indictment. It does not appear what was the question the grand jury was examining into, or for what purpose the examination was made. We may conjecture that it was made to ascertain whether Fought either as a justice or *631 individual had been guilty of a neglect of duty, but whether as magistrate or individual we cannot with any certainty say. He is in the indictment called a justice of the peace, and it may be that the enquiry was whether he as a justice had been guilty of neglect of duty; but the allegation that he was a justice of the peace is made in such a manner that it does not certainly appear that he was a justice at the time the fight took place. If he was proceeded against as an individual, the indictment is defective for not shewing that he had been called on by any person who had authority to call upon him. For this uncertainty as to the question before the jury, the indictment may be bad, but we have not deemed it necessary to examine this question with much care, as the judgment must be entered for the defendant for other defects. One of the Judges however is decidedly of opinion, that the particular enquiry before the jury and the object of it, ought to have been set out in the indictment in order that the Court might see whether or no the evidence of the defendant was material.
In answer to the sixth and eighth questions adjourned, this Court is of opinion and doth decide, that the materiality of the evidence given by the defendant to the grand jury does not sufficiently appear in the indictment ; and that judgment on the demurrer ought to be entered for the defendant. And this Court does not deem it necessary to decide any other of the questions adjourned: Which is ordered to be certified to the Circuit court.